IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, ) ) ) Stakeholder, ) ) v. ) ) ANDRE MCDONALD, and A.M., a minor, by and through the minor's next friend and/or guardian, ) ) ) ) ) Claimants. ) ) | CIVIL ACTION NO. 5:20-CV-1400 |

## WESTERN-SOUTHERN LIFE ASSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Pursuant to Federal Rule of Civil Procedure 22, Western-Southern Life Assurance Company ("Western-Southern"), moves to interplead a portion of the life insurance proceeds of policy number xxxx4396 (the "Policy"). In support of interpleader, Western-Southern states as follows:

### NATURE OF ACTION

1. This is an interpleader action brought pursuant to FED. R. CIV. PROC. 22 and 28 U.S.C. § 1332 to determine who is lawfully entitled to certain funds to which Claimants have potentially competing claims. Because Western-Southern is faced with conflicting claims regarding these funds, Western-Southern may be exposed to double or multiple liability. Western-Southern requests judicial determination of the conflicting claims and

1

seeks its immediate, full, and complete discharge from any further liability to the Claimants regarding the Policy.

## PARTIES

2. Stakeholder Western-Southern is an Ohio corporation with its principal place of business located in Cincinnati, Ohio.

3. Upon information and belief, Claimant Andre McDonald is a citizen of the state of Texas and is currently being held in the Bexar County, Texas jail.

4. Upon information and belief, Claimant A.M., a minor, is a citizen of the State of Texas. Upon information and belief, A.M. is the daughter of Andreen and Andre McDonald. A legal proceeding for the guardianship of A.M. is currently pending and the petition for guardianship has been contested by another family member.

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction pursuant 28 U.S.C. § 1332 because the citizenship of parties is diverse and the amount in controversy exceeds $75,000.

6. The Court possesses personal jurisdiction over Claimants pursuant to 28 U.S.C. § 2361.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1). *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

## FACTUAL ALLEGATIONS

8. In October of 2014, Andreen McDonald applied for and was issued a $1,000,000.00 life insurance policy with Western-Southern. Ex. A (Policy). Andreen was the owner of the Policy and the insured under the Policy. *Id*. The Policy provided for the payment of a death benefit in the event of Andreen's death. *Id*. Andreen named her husband, Andre McDonald, the primary beneficiary of the Policy's proceeds. *Id.* Andreen's daughter, A.M., was named the contingent beneficiary. *Id.*

9. Approximately half of the Policy's death benefit was collaterally assigned to Broadway National Bank as part of a real estate loan and Western-Southern has paid $514,011.42 of the Policy proceeds to Broadway National Bank per the collateral assignment.

10. In February of 2019, Andreen went missing. Andreen's body was recovered on June 11, 2019. Andreen's husband, Andre, was arrested on July 13, 2019 in connection with his wife's disappearance and death.

11. Andreen's death certificate indicates that her body was "found July 11, 2019." It further states that the manner of death was determined to be a "homicide" and that the cause of her death was "homicidal violence including blunt force trauma." Ex. B (Death Certificate).

12. On October 2, 2019, Andre McDonald was indicted by a Bexar County Grand Jury for the murder of Andreen, and the case is currently pending in the 399th Criminal District Court, Bexar County, Texas, case number 2019CR10911.

13. Upon information and belief, a trial date has not yet been set in Andre's criminal proceeding.

14. Texas has adopted a slayer statute. *See* Texas Ins. Code Ann. § 1103.151. It provides that "[a] beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured").

15. Under the terms of the statute, "if a beneficiary of a life insurance policy or contract forfeits an interest in the policy or contract under Section 1103.151, a contingent beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of the policy or contract." *Id*. at § 1103.152(a).

16. Andre has been indicted by a Bexar County grand jury and is currently awaiting trial while being held in the Bexar County jail. Accordingly, interpleader is appropriate here because it is unclear whether Andre has forfeited his beneficial interest in the remaining Policy proceeds under Texas's slayer statute.

17. Interpleader under these circumstances is supported by Texas case law. *See e.g., McCormick v. Sw. Life Ins. Co.,* 35 S.W.2d 502, 504 (Tex. Civ. App. 1931); *Deveroex v. Nelson*, 517 S.W.2d 658, 660 (Tex. Civ. App. 1974), *writ granted* (May 7, 1975), *aff'd,* 529 S.W.2d 510 (Tex. 1975).

## **COMPLAINT FOR INTERPLEADER**

18. Western-Southern incorporates the allegations contained in the above paragraphs as if fully set forth herein.

19. Interpleading the remaining proceeds of the Policy is necessary because it is unclear whether Andre has forfeited his entitlement to the remaining Policy proceeds under Texas's slayer statute.

20. The Claimants named in this interpleader action have potentially competing claims in the remaining Policy proceeds.

21. Andre is the named primary beneficiary.  However, if Andre's portion is forfeited, A.M., the contingent beneficiary, who is a minor to be represented in this action by a guardian yet to be appointed, would then be entitled to the remaining proceeds.

22. Interpleader is procedurally appropriate because Western-Southern faces potentially competing demands from the Claimants as to the funds and, without interpleader, Western-Southern will be exposed to the possibility of double liability on those funds.

23. Western-Southern is ready and willing for the Court to pay the remaining Policy proceeds to whichever Claimant the Court shall designate.  Western-Southern will be filing a Motion to Deposit the remaining Policy proceeds into the registry of the Court, upon receipt of the judicial assignment notification.

24. Western-Southern is a disinterested stakeholder.  Western-Southern makes no claim to the funds and acknowledges that the funds are due and payable.

25.     Following interpleader of the remaining Policy proceeds, Western-Southern requests to be released from any potential liability as to those funds.

26.     Western-Southern has been forced to incur costs and fees to interplead the remaining Policy proceeds through no fault of its own and therefore requests that it be reimbursed reasonable attorney's fees incurred in interpleading the funds.

27.     Western-Southern has not brought this interpleader action at the request of any of the Claimants.  There is no fraud or collusion between Western-Southern and any of the Claimants.  Western-Southern brings this action of its own free will to avoid conflicting and multiple claims.

## PRAYER FOR RELIEF

**WHEREFORE,** Western-Southern prays:

(a)     That the Court grant Western-Southern's forthcoming Motion to Deposit Funds into the Registry of the Court;

(b)     That the Court order the Clerk of Court to deposit the funds, totaling $485,988.58, into an interest-bearing account until further orders from the Court;

(c)     That the Court make such judgment as necessary to determine who is properly entitled to the funds and direct the Clerk of Court to release the funds in accordance with that judgment;

(d)     That the Court enjoin Andre McDonald and A.M., a minor, and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursing any state or federal court action for the recovery of the funds and, upon final hearing, permanently enjoin and restrain

Andre McDonald and A.M., a minor, and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursing any state or federal court action for the recovery of the funds, or relating in any way to Western-Southern's actions with respect to the handling the funds;

(e)     That the Court dismiss Western-Southern as a party and discharge it from all further liability;

(f)     That Western-Southern be allowed to recover costs and reasonable attorneys' fees incurred in this matter from the funds;

(g)     That the Court take such other steps as necessary to facilitate justice and grant such additional relief as is right and proper.

Respectfully submitted this the 9th day of December, 2020.

*s/Melissa S. Gutierrez*
Melissa S. Gutierrez (Bar No. 24087648)
BRADLEY ARANT BOULT CUMMINGS LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, Texas 77002
713.576.0300 (phone)
713.576.0301 (facsimile)
mgutierrez@bradley.com

*Attorney for Western-Southern Life Assurance Company*

**S***TAKEHOLDER* **W***ILL* **H***AVE* **S***ERVICE* **O***F* **P***ROCESS* **M***ADE* **U***PON* **T***HE* **F***OLLOWING***:**

**ANDRE MCDONALD**
**SID 1115429**
Bexar County Adult Detention Center
200 N Comal Street
San Antonio, TX 78207

**A.M., a minor, by and through the minor's next friend and/or guardian Hyacinth Smith**
16210 Raceway Downs
Selma, Texas 78154