**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **WESTER-SOUTHERN LIFE** | ) | |
| **ASSURANCE COMPANY,** | ) | |
| | ) | |
| **Stakeholder,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:20-CV-1400** |
| | ) | |
| **ANDRE MCDONALD, and A.M., a** | ) | |
| **minor, by and through the minor's next** | ) | |
| **friend and/or guardian,** | ) | |
| | ) | |
| **Claimants.** | ) | |

_____

**HYACINTH SMITH'S ANSWER TO WESTERN-SOUTHERN LIFE ASSURANCE**
**COMPANY'S COMPLAINT FOR INTERPLEADER**
_____

HYACINTH SMITH files this answer to Western-Southern Life Assurance Company's

("Western-Southern"), Complaint for Interpleader and in support would show as follows:

**NATURE OF ACTION**

1.      This is an interpleader action brought pursuant to FED.R.CIV.PROC. 22 and 28

U.S.C. § 1332 to determine who is lawfully entitled to certain funds to which Claimants have

potentially competing claims. Because Western-Southern is faced  with      conflicting     claims

regarding these funds.

**PARTIES**

2.      Stakeholder Western-Southern is an Ohio Corporation with its principal place of

business located in Cincinnati, Ohio.

3.      Upon information and belief, Claimant Andre McDonald is a citizen of the State

of Texas and is currently being held in the Bexar County, Texas jail.

4.     Claimant A.M., a minor, is a citizen of the State of Texas. A.M. is the daughter of Andreen and Andre McDonald. A.M. is appearing by and through her sole managing conservator, Hyacinth Smith.  Exhibit "A" A legal proceeding for the guardianship of A.M. is currently pending and the petition for guardianship has been contested by another family member.

## JURISDICTION AND VENUE

5.     This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.

6.     The Court possession personal jurisdiction over Claimants pursuant to 28 U.S.C. § 2361.

7.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1). *See* to 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residence of the State in which the district is located.").

## FACTUAL ALLEGATIONS

8.     In October of 2014, Andreen McDonald applied for and was issued a $1,000,000.00 life insurance policy with Western-Southern. Andreen was the owner of the policy and the insured under the Policy. *Id.* The Policy provided for the payment of a death benefit in the event of Andreen's death.  *Id.*  Andreen named her husband, Andre McDonald, the primary beneficiary of the Policy's proceeds.  *Id.*  Andreen's daughter, A.M., was named the contingent beneficiary. *Id.*

9.     Approximately half of the Policy's death benefit was collaterally assigned to Broadway National Bank as part of a real estate loan and Western-Southern had paid $514,011.42 of the Policy procced to Broadway National Bank per the collateral assignment.

10.     In February 2019, Andreen went missing. Andreen's body was recovered on June

11, 2019. Andreen's husband Andre, was arrested on July 13, 2019 in connection with his

wife's disappearance and death.

12.     On October 2, 2019, Andre McDonald was indicted by a Bexar County Grand

Jury for the murder of Andree, and the case is currently pending in the 399th Criminal District

Court, Bexar County, Texas, cause number 2019CR10911.

13.     Texas has adopted a slayer statute. *See* Texas Ins. Code Ann. § 1103.151. It

provides that "[a]beneficiary of a life insurance policy or contract forfeits the beneficiary's

interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully

bringing about the death of the insured").

14.     Under the terms of the statute, "if a beneficiary of a life insurance policy or

contract forfeits an interest in the policy or contract under Section 1103.151, a contingent

beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of

the policy or contract." *Id.* at 1103.152(a).

15.     HYACINTH SMITH has been appointed the temporary sole managing

conservator of .A.M., in the conservatorship case in the Bexar County District Court in cause

number 2019-CI-07013 in the 285th District Court.  Ex. A Temporary Orders in Suit Affecting

the Parent-Child Relationship.

16.     The proceeds from the Western-Southern Policy should be awarded or directed to

HYACINTH SMITH for the benefit and care of A.M.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, HYACINTH SMITH prays:

(a) That the Court grant HYACINTH SMITH's request that the funds be awarded or

directed to her for the benefit of A.M.

(b)     That the Court take such other steps a necessary to facilitate justice and grant such

additional relief as is right and proper.

Respectfully submitted this the 25th day of August 2021.

JEAN BROWN LAW
222 Main Plaza E.
San Antonio, Texas 78205
(210) 354-2662 Telephone
(210) 354-2602 Facsimile


By: ___*Jean S. Brown*_____
     JEAN S. BROWN
     State Bar No. 03138850
     jean@jeanbrownlaw.com
     MORGAN E. GLENNY
     State Bar No. 24094001
     morgan@jeanbrownlaw.com
     AMY E. OWEN
     State Bar No. 24039924
     amy@jeanbrownlaw.com
     Attorneys for HYACINTH SMITH


## CERTIFICATE OF SERVICE

I hereby certify that on the 25TH day of August 2021, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Melissa S. Gutierrez
Bradly Arant Boult Cummings, LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
mgutierrez@bradley.com


___*Jean S. Brown*_____
JEAN S. BROWN

# EXHIBIT A

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. <u>2019-CI-07013</u>

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.N.M. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | BEXAR COUNTY, TEXAS |

## TEMPORARY ORDERS IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP

On April 23, 2019 the Court heard Petitioner's application for temporary orders.

### *Appearances*

Intervenor, **HYACINTH SMITH**, appeared in person and through her attorney of record, Jean S. Brown, and announced ready.

Petitioner, **PAUL ANDERSON**, appeared in person and through his attorney of record, Edward P. Cano, and announced ready.

Respondent, **ANDRE SEAN MCDONALD**, appeared by telephone and through his attorney of record, Julie K. Hasdorff, and announced ready.

Respondent, as Next Friend of **ANDREAN NICOLE MCDONALD**, appeared by and through her attorney of record, Jean S. Brown, and announced ready.

### *Jurisdiction*

The Court, after examining the record, and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that this Court has jurisdiction of this case and of all the parties.

### *Conservatorship*

The following orders are for the safety and welfare and in the best interest of the

following child:

| | |
|---|---|
| Name: | **A.N.M.** |
| Sex: | Female |
| Birth date: | 04-02-2011 |
| Home state: | Texas |

IT IS ORDERED that **HYACINTH SMITH** is appointed Temporary Sole Managing Conservator and **PAUL ANDERSON** is appointed Temporary Possessory Conservator of the following child: **A.N.M.**

IT IS ORDERED that, at all times, **PAUL ANDERSON**, as a parent temporary possessory conservator, shall have the following rights:

1.      the right to attend school activities;

2.      the right to be designated on the child's records as a person to be notified in case of an emergency;

3.      the right to consult with school officials concerning the child's welfare and educational status, including school activities; and

4.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child.

IT IS ORDERED that, at all times, **PAUL ANDERSON**, as a parent temporary possessory conservator, shall have the following duties:

1.      the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child;

2.      the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Texas Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE

CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

      3.     the duty to inform the other conservator of the child if the conservator establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the conservator establishes residence with the person who is the subject of the final protective order. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

      4.     the duty to inform the other conservator of the child if the conservator resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of the sixty-day period following the date the final protective order is issued. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the ninetieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE; and

      5.     the duty to inform the other conservator of the child if the conservator is the subject of a final protective order issued after the date of the order establishing conservatorship. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

      IT IS ORDERED that, during his periods of possession, **PAUL ANDERSON**, as a parent temporary possessory conservator, shall have the following rights and duties:

      1.     the duty of care, control, protection, and reasonable discipline of the child;

      2.     the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

IT IS ORDERED that **HYACINTH SMITH**, as a nonparent temporary sole managing conservator, shall have the following rights and duties:

1.     the exclusive right to designate the primary residence of the child, within Bexar County, Texas. and to make decisions regarding the child's education;

2.     the exclusive right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

4.     the exclusive right to make decisions regarding the child's education;

5.     the exclusive right to consent for the child to medical, psychiatric, psychological, dental, and surgical treatment, invasive or otherwise;

6.     the exclusive right to consent to marriage and to enlistment in the armed forces of the United States;

7.     except as provided by section 264.0111 of the Texas Family Code, the exclusive right to the services and earnings of the child;

8.     except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the exclusive right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government;

9.     the exclusive right to direct the moral and religious training of the child;

10.     the duty of care, control, protection, and reasonable discipline of the child;

11.     the duty to provide the child with clothing, food, shelter, education, and medical, psychological, and dental care and to have access to the child's medical records;

12.     the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child;

13.     the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Texas Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR

COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

14. the duty to inform the other conservator of the child if the conservator establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the conservator establishes residence with the person who is the subject of the final protective order. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

15. the duty to inform the other conservator of the child if the conservator resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of the sixty-day period following the date the final protective order is issued. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the ninetieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE; and

16. the duty to inform the other conservator of the child if the conservator is the subject of a final protective order issued after the date of the order establishing conservatorship. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

### *Passports*

If **HYACINTH SMITH** may apply for a passport for the child, **A.N.M. HYACINTH SMITH** is ORDERED to notify the other conservator of that fact no later than 10 days after the application.

IT IS ORDERED that **HYACINTH SMITH** shall have the exclusive right to maintain possession of any passports of the child, **A.N.M.**

## _Possession of important documents_

IT IS ORDERED that **HYACINTH SMITH** shall have exclusive possession of all important documents concerning the child, **A.N.M.**, made the basis of this suit.

## _Possession and Access_

1.  <u>Possession Order</u>

    IT IS ORDERED that **PAUL ANDERSON** shall have possession of the child, **A.N.M.**, beginning at 10:00 a.m. on the first Saturday of each month, until 6:00 p.m. on the following Sunday.

    IT IS ORDERED that all of **PAUL ANDERSON**'s possession shall be in Bexar County Texas and that **PAUL ANDERSON** is enjoined from removing **A.N.M.** from Bexar County, Texas for any reason.

    IT IS ORDERED that **HYACINTH SMITH** shall have possession of the child, **A.N.M.**, at all times not specifically awarded to **PAUL ANDERSON**.

2.  <u>Exchange of the Child</u>

    IT IS ORDERED that **PAUL ANDERSON** shall pick up the child from **HYACINTH SMITH's** residence at the time his possession begins and return the child to the same place at the end of his possession, unless otherwise agreed upon by the parties. **HYACINTH SMITH** is responsible for advising **PAUL ANDERSON** of her residence at all times.

3.  <u>Duration</u>

    The periods of possession ordered above apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated or until further order of the Court.

## _Child Support_

No child support due or owing at this time.

## _Medical, Dental and Vision_

ANDRE SEAN MCDONALD is ORDERED to maintain health insurance in full force and effect on the child made the basis of this suit through Tri Care which covers basic health-care services, including usual physician services, office visits, hospitalization, laboratory, x-rays, emergency services, vision, dental and orthodontic.

## *Injunction/No Contact*

The Court finds that, based on the public policy considerations stated in section 153.001 of the Texas Family Code, it is in the best interest of the child that the following temporary injunction be issued and related orders be entered.

IT IS ORDERED that Respondent, **ANDRE SEAN MCDONALD**, is temporarily enjoined from any and all contact with **A.N.M.**, the child made the subject of this suit.

## *Standing Order*

IT IS ORDERED that the parties shall abide by the Bexar County Standing Order, Special Order No. 70805 as follows:

### II.     NO DISRUPTION OF CHILD(REN)

The parties are ORDERED to refrain from doing the following acts concerning any child(ren) who are subjects of this case:

2.1     Removing the child(ren) from the State of Texas, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.

2.2     Disrupting or withdrawing the child(ren) from the school or day-care facility where the child(ren) are presently enrolled, without the written agreement of both parents or an order of this Court.

2.3     Hiding or secreting the child(ren) from the other parent or changing the child(ren)'s current residence, without the written agreement of both parents or an order of this Court.

2.4     Disturbing the peace of the child(ren).

2.5    Making disparaging remarks about each other or the other person's family members, to include, but not limited to the child(ren)'s grandparents, aunts, uncles, or stepparents.

2.6    Discussing with the child(ren), or with any other person in the presence of the child(ren), any litigation related to the child(ren) or the other party.

2.7    Consuming any illegal Controlled Substance (as that term is defined in the Texas Controlled Substance Act), 12 hours prior to and during possession of the child(ren).

## II.    CONDUCT OF THE PARTIES DURING THE CASE

The parties, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

3.1    Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner, to communicate with the other party, whether in person, by telephone, or in writing.

3.2    Threatening the other party in person, by telephone, or in writing to take unlawful action against any person.

3.3    Placing one or more telephone calls, at an unreasonable hour, in an offensive or repetitious.

3.4    Opening or diverting mail addressed to the other party.

### *Required Notices*

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD

CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

(1)     THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

(2)     IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

### *Warnings*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

***Duration***

These Temporary Orders shall continue in force until the signing of the final order or until further order of this Court.

SIGNED on _____5/22/209_____.

David A. Canales
Presiding Judge
73rd District Court
Bexar County, Texas

_____
JUDGE DAVID CANALES

APPROVED AS TO FORM ONLY:

**JEAN BROWN LAW**
222 Main Plaza E.
San Antonio, Texas 78205
(210) 354-2662 Telephone
(210) 354-2602 Facsimile

By: _____
Jean S. Brown
State Bar No. 03138850
jean@jeanbrownlaw.com
Attorney for **HYACINTH SMITH**, Intervenor
and as Next of Friend to ANDREEN NICOLE
MCDONALD,

LAW OF EDWARD P. CANO
201 W. Poplar St.
San Antonio, Texas 78212
(210) 223-1099 Telephone
(210) 212-5653 Facsimile


By:_____
     Edward P. Cano
     State Bar No. 03756700
     edeanoattorney@sbcglobal.net
     Attorney for Petitioner,
     **PAUL ANDERSON**

**HASDORFF & CONVERY, P.C.**
1007 S. Alamo
San Antonio, Texas 78210
(210) 738-9060 Telephone
(210) 738-9426 Facsimile


By:_____
     Julie K. Hasdorff
     State Bar No. 09197250
     hasconpe@aol.com
     Attorney for Respondent,
     **ANDRE MCDONALD**

APPROVED AS TO BOTH FORM AND SUBSTANCE:

_____
**HYACINTH SMITH**
Intervenor and as Next of Friend to ANDREEN
NICOLE MCDONALD


_____
**PAUL ANDERSON**
Petitioner

_____
**ANDRE MCDONALD**
Respondent